UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> LAJERRAN LONG, <br><br> Defendant | Criminal No. 20cr10308 <br><br> Violation: <br><br> <u>Count One</u>: Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349) <br><br> <u>Forfeiture Allegation</u>: (18 U.S.C. § 982(a)(2)) |

## INFORMATION

At all times relevant to this Information:

### General Allegations

1.  Defendant LAJERRAN LONG was a resident of Massachusetts.

2.  Santander Bank, N.A. ("Santander Bank") was a financial institution with offices located throughout the United States, including in the District of Massachusetts, the accounts of which were insured by the Federal Deposit Insurance Corporation.

3.  Cooperating Witness 1 ("CW-1") was employed as a teller at a Santander Bank branch located in Weymouth, Massachusetts (the "Weymouth Branch").

4.  Victims 1 and 2 were customers of Santander Bank.

5.  Co-Conspirators 1, 2, and 3 ("CC-1" through "CC-3") were individuals whose identities are, variously, known and unknown to the United States Attorney, who participated in the fraud scheme as set forth herein.

### Overview of the Conspiracy

6. In approximately December 2017 and January 2018, LONG conspired with CW-1, CC-1, CC-2, CC-3, and others known and unknown to the United States Attorney, to fraudulently withdraw money from customer accounts under the custody and control of Santander Bank.

### Object and Purpose of the Conspiracy

7. The object of the conspiracy was to commit bank fraud by employing false and fraudulent pretenses and representations to obtain money and property under the custody and control of Santander Bank. The purpose of the conspiracy was to enrich LONG and his co-conspirators personally.

### Manner and Means of the Conspiracy

8. Among the manner and means by which LONG and co-conspirators known and unknown to the United States Attorney carried out the conspiracy were the following:

   a. Using fraudulent identification documents to withdraw money from accounts at Santander Bank; and

   b. Withdrawing money from the accounts in the form of official bank checks and cash.

### Acts in Furtherance of the Conspiracy

9. In or about December 2017 and January 2018, LONG and co-conspirators known and unknown to the United States Attorney committed and caused to be committed the following acts, among others, in furtherance of the conspiracy:

10. In or about December 2017, LONG recruited CW-1 to facilitate fraudulent withdrawals from accounts under the custody and control of Santander Bank. LONG then introduced CW-1 to CC-1, who communicated with CW-1 about when and how the fraudulent transactions would take place.

11. On or about December 30, 2017, CC-2 entered the Weymouth Branch, approached CW-1, falsely identified himself as Victim 1, and presented CW-1 with a fraudulent identification document in Victim 1's name.

12. CC-2 requested that $359,000 be withdrawn from Victim 1's home equity line of credit accounts ending in 1057 and 8717. Specifically, CC-2 requested two official Santander Bank checks – one for $230,000 and a second for $120,000 – and $9,000 in cash.

13. CW-1 facilitated the requested transactions, knowing that CC-2 was not, in fact, Victim 1, and that by doing so she was defrauding Victim 1 and Santander Bank.

14. On or about January 13, 2018, CC-3 entered the Weymouth Branch, approached CW-1, falsely identified himself as Victim 2, and presented CW-1 with a fraudulent identification document in Victim 2's name.

15. CC-3 requested that $456,325 be withdrawn from Victim 2's home equity line of credit account ending in 4111. Specifically, CC-3 requested two official Santander Bank checks – one for $280,000 and a second for $167,325 – and $9,000 in cash.

16. CW-1 facilitated the requested transactions, knowing that CC-3 was not, in fact, Victim 2, and that by doing so she was defrauding Victim 2 and Santander Bank.

17. CC-1 paid LONG approximately $5,000 for recruiting CW-1 to participate in the scheme.

18. After CW-1 facilitated the fraudulent transactions described above, LONG gave CW-1 approximately $2,000 as partial payment for her role in the scheme.

# COUNT ONE
Conspiracy to Commit Bank Fraud
(18 U.S.C. § 1349)

The United States Attorney charges:

19. The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 18 of this Information.

20. From in or about December 2017 through in or about January 2018, in the District of Massachusetts, and elsewhere, the defendant,

LAJERRAN LONG,

conspired with others known and unknown to the United States Attorney to commit bank fraud, that is, to knowingly execute, and attempt to execute, a scheme and artifice to defraud a federally insured financial institution, that is Santander Bank, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of Santander Bank, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Section 1349.

# FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(A))

The United States Attorney further alleges:

21.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1349, set forth in Count One of this Information, the defendant,

LAJERRAN LONG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense. The property to be forfeited includes, but is not limited to, the following:

   a. at least $5,000, to be entered in the form of a forfeiture money judgment.

22.     If any of the property described in Paragraph 21 above as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 21 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

ANDREW E. LELLING
UNITED STATES ATTORNEY

By: /s/ Leslie A. Wright
LESLIE A. WRIGHT
Assistant United States Attorney

Date: December 8, 2020